TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0206-KB
2023-SC-0207-KB
2023-SC-0208-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                              IN SUPREME COURT

KAREEM SHAHIR HAMDIYAH                           RESPONDENT

## OPINION AND ORDER

The Kentucky Bar Association (KBA) moves this Court to indefinitely suspend Kareem Shahir Hamdiyah[1] from the practice of law pursuant to Supreme Court Rule (SCR) 3.167(1) due to his failure to file an answer to Charges in three separate disciplinary matters.

After review, we find each motion to be well taken, and indefinitely suspend Hamdiyah pursuant to SCR 3.167(1).

## BACKGROUND

As noted above, the KBA has moved to suspend Hamdiyah in three separate disciplinary cases. In the interest of judicial economy, we consolidate

---

[1] Hamdiyah, KBA Membership No. 94811, has been licensed to practice law in the Commonwealth of Kentucky since April 26, 2012. His current bar roster address is 322 N. Main Street, London, Kentucky, 40741.

the cases for the purpose of opinion, and discuss each disciplinary charge in turn.

### A. KBA File 22-DIS-0206[2]

Eugenia Eaton filed a Bar Complaint against Hamdiyah, asserting that she hired him to assist her with the administration of her late mother's estate and to pursue a potential medical malpractice/wrongful death claim relating to her mother's death. Eaton filed the Complaint against Hamdiyah because after multiple attempts to contact him by phone, she came to believe no action had been taken to open her mother's probate estate or file the potential malpractice/wrongful death claim. It is further believed that the time to file the potential malpractice/wrongful death suit has elapsed.

Based on this conduct, KBA's Inquiry Commission issued a Charge against Hamdiyah for violations of: SCR 3.130(1.3), for lack of diligence; SCR 3.130(1.4)(a)(2), for failing to communicate with the client about the means by which her objectives were to be accomplished; and SCR 3.130(8.1)(b), for failing to respond to a disciplinary proceeding.

Hamdiyah was personally served with the Complaint by the Laurel County Sheriff's Office on August 10, 2022, and served with the Charge on December 16, 2022. Hamdiyah did not respond to either the Complaint or the Charge.

---

[2] This Charge is the subject of the motion for suspension in Supreme Court Case No. 2023-SC-0206-KB.

2

## B. KBA File 22-DIS-0029[3]

On May 24, 2021, Hamdiyah was hired to represent Ernie Bratcher on several serious criminal charges. Bratcher paid Hamdiyah a $5,000 fee. On June 3, 2021, Bratcher's mother, Tammy Scrivner, posted a $25,000 cash bond to secure Bratcher's release from jail.

While out on bond, in July 2021, Bratcher was arrested on new criminal charges. Hamdiyah was not retained to represent Bratcher in his new criminal case. Following her son's arrest, Scrivner went to the Laurel County Circuit Court Clerk to retrieve the money she had originally posted on his behalf in June. She learned, at that time, she would only receive $5,000 because the remaining $20,000 of the $25,000 cash bond had been paid to Hamdiyah based on a bond assignment she purportedly signed on June 3, 2021. Scrivner maintains that she never signed a bond assignment in Hamdiyah's favor. The charges arising from Bratcher's July arrest were dismissed on August 10, 2021, after he was federally indicted in regard to the same conduct.

The criminal charges arising from Bratcher's May 2021 arrest were dismissed after the Laurel County Grand Jury's return of a No True Bill on November 19, 2021. Hamdiyah did not refund any money received from Scrivner's purported bond assignment after dismissal of her son's charges in November 2021.

---

[3] This Charge is the subject of the motion for suspension in Supreme Court Case No. 2023-SC-0207-KB.

As a result of Hamdiyah's conduct, he was charged with violating SCR 3.130(1.5)(a), relating to fees; SCR 3.130(1.16)(d), relating to the return of any fee that has not been earned or incurred in the event of the termination of representation; SCR 3.130(8.1)(b), relating to providing information to disciplinary authority or to correct a misapprehension; and SCR 3.130(8.4)(c), relating to engaging in conduct involving dishonestly, fraud, deceit, or misrepresentation.

Hamdiyah was personally served by the Laurel County Sheriff with the Complaint on April 27, 2022, and served with the Charge on December 16, 2022.

### C. KBA File 22-DIS-0013[4]

The facts that serve as the basis for the motion in 22-DIS-0013 are nearly identical[5] to facts provided in the motion filed in 22-DIS-0029 with a few added factual details. Notably, the motion filed in 22-DIS-0013 adds: (1) additional details about Bratcher's May 2021 arrest and related criminal charges; (2) the assertion that Hamdiyah refunded none of the $5,000 fee paid by Bratcher,

---

[4] This charge is the subject of the motion for suspension in Supreme Court Case No. 2023-SC-0208-KB.

[5] No explicit explanation is given as to why the Charges differ from those made in 22-DIS-0029. Indeed, the facts provided are nearly identical to those contained in the motion filed in 22-DIS-0029 and involve the same parties. The Court acknowledges that, upon close inspection, the charges enumerated in 22-DIS-0029 differ somewhat from the charges in 22-DIS-0013, but because Bar Counsel does not provide a clear factual basis for the somewhat different charges, the Court is left guessing. While it is not necessary for the Court to adjudicate the merits of the Charges at this time, it is nevertheless incumbent on Bar Counsel in every case to provide the Court with a clear factual basis underpinning alleged violations and analysis to explain why the facts constitute a violation.

causing the fee kept by Hamdiyah for his work in Bratcher's May 2021 criminal case to purportedly total $25,000 ($5,000 from Bratcher and $20,000 from Scrivner); and (3) Hamdiyah was retained to represent Rachel Rudder, Bratcher's co-defendant, who was present when Bratcher was arrested in July 2021.[6]

The motion filed in 22-DIS-0013 states that Hamdiyah was charged in that disciplinary case with violating SCR 3.130(1.5)(a), relating to fees; SCR 3.130 (1.7)(a), relating to conflict of interests involving current clients; SCR 3.130(1.16)(d), relating to relating to the return of any fee that has not been earned or incurred in the event of the termination of representation; and SCR 31.30(8.1)(b), relating to providing information to disciplinary authority or to correct a misapprehension.

Hamdiyah was personally served with the Complaint by the Laurel County Sheriff's Office on April 27, 2022, and served with the Charge on December 16, 2022. No response to either the Complaint or Charge was filed.

***

Bar Counsel advises that Hamdiyah reached out on January 17, 2023, inquiring about the status of each of his three disciplinary cases, and was told

---

[6] Hamdiyah's representation of Rachel Rudder, by factual deduction, must have taken place while Bratcher was a current client of Hamdiyah given two facts: (1) Bratcher's May criminal charges were dismissed in November 2021; and (2) Hamdiyah's representation of Rachel Rudder began sometime after July 29, 2021, and continued through at least August 10, 2021, if not beyond that date. The Court is again left guessing because the factual basis supporting the alleged Charge is not provided by Bar Counsel.

that motions moving for his indefinite suspension would be filed if he did not respond. Hamdiyah filed a motion the same day as his contact with Bar Counsel requesting additional time to submit answers to the Charges. His motion was granted by order of the Chair of the Inquiry Commission and entered on February 13, 2023, by the Disciplinary Clerk. Still Hamdiyah did not file an answer to any of the Charges. Bar Counsel emailed him on March 16, 2023, to inquire if an answer would be filed. No response to the email was received.

Additionally, on May 3, 2023, Bar Counsel learned that Hamdiyah had been arrested in Laurel County on several criminal charges criminal offenses including: Trafficking in a Controlled Substance, 1st degree, 1st offense (opiates); Possession of a Controlled Substance,1st degree, 1st offense (methamphetamine); Resisting Arrest; Fleeing or Evading Police, 2nd Degree (on foot); and Tampering with Physical Evidence.[7]

## ANALYSIS AND CONCLUSION

SCR 3.167(1) provides that the Court may, in its discretion, indefinitely suspend a respondent who fails to answer a Charge or participate in the disciplinary process. Bar Counsel has demonstrated through its motions and evidence in the record that Hamdiyah was served with appropriate notice of

---

[7] Pursuant to Kentucky Rule of Evidence (KRE) 201, the Court takes judicial notice of court records of the Laurel District Court available on the CourtNet system which indicate the existence of the following cases containing felony charges: *Commonwealth of Kentucky v. Kareem Hamdiyah*, 23-F-00235, and *Commonwealth of Kentucky v. Kareem Hamdiyah,* 23-F-00238.

each of the Charges, and that Hamdiyah failed to answer or otherwise participate in the disciplinary process. The Court cannot identify any factors that weigh against exercising its discretion to indefinitely suspend Hamdiyah. Accordingly, the Court indefinitely suspends Hamdiyah from the practice of law as set forth in more detail below.

**ORDER**

The Court hereby ORDERS as follows:

1. The KBA's motions to indefinitely suspend Hamdiyah from the practice of law in 2023-SC-0206-KB; 2023-SC-0207-KB; and 2023-SC-0208-KB, are each GRANTED.

2. Accordingly, pursuant to SCR 3.167(1), Kareem Shahir Hamdiyah is hereby suspended indefinitely from the practice of law in the Commonwealth of Kentucky.

3. As required by SCR 3.390(2), Hamdiyah shall, within twenty (20) days after the issuance of this Order, notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which he has matters pending of his suspension. Further, he must inform all clients, by mail, of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Hamdiyah shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. Hamdiyah shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity for the duration of the term of suspension.

4. As stated in SCR 3.390(1), this order shall take effect on the twentieth day following its entry. Hamdiyah is instructed to promptly take all reasonable steps to protect the interests of his clients. He shall not during the term of suspension accept new clients or collect unearned fees and shall otherwise comply with the provisions of SCR 3.130(7.50)(5).

All sitting. All concur.

ENTERED: June 15, 2023

_____
CHIEF JUSTICE